



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed: COMPLAINT
September 4, 2020 19:10

By: DARRYL E. PITTMAN 0034194

Confirmation Nbr. 2066642

JAMES CADE                                    CV 20 936899

    vs.

R.A.ROGERS, INC                               **Judge:** SHANNON M. GALLAGHER

**Pages Filed:** 6

# In the Court of Common Pleas
# Cuyahoga County, Ohio

| | | |
|---|---|---|
| James Cade, | } | Case No. |
| P.O. Box 21166 | } | |
| S. Euclid, OH 44121, | } | Complaint for Violation of |
| | } | Fair Debt Collection Practices |
| Plaintiff, | } | Act, and The Ohio Consumer Sales |
| | } | Practices Act, |
| vs. | } | |
| R.A. Rogers Inc., | } | |
| P.O. Box 3302 | } | Trial by Jury Demanded |
| Crofton, Md 21114–0302 - | } | |
| | } | |
| Defendants. | } | |

## COMPLAINT

1. Now comes James Cade by and through his attorney and alleges:

## INTRODUCTION

2. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); the Ohio Consumer Sales Practices Act ("CSPA"), and Ohio Revised Code Chapter 1345 (which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and ORC Section 1345.11.

4. Venue in Cuyahoga County is proper because the Defendants transact business here and the conduct complained of occurred here.

## PARTIES

5. Plaintiff James Cade at all times relevant hereto was a resident of Cuyahoga County, Ohio.

6. Plaintiff is a "consumer" as defined in FDCPA 15 U.S.C. §1692a(3). and CSPA ORC § 1345.01(D) because the account defendant was attempted to collect concerned an Auto/Credit card that was used for plaintiff's personal and household use.

7. Defendant, R. A. Rogers. Inc. "Rogers" is engaged in the business of debt collection in the State of Ohio, and by its admission regularly collects debts due to others. Defendants are debt collectors within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6) and regularly identifies itself as a debt collector in correspondence with debtors.

8. Defendant identified itself as a debt collector in communications. It addressed to plaintiff. , Defendant also identifies itself as a "Collection Consultant" in correspondence it sends to debtors.

9. In the case at bar Defendant sought to collects debts plaintiff allegedly owed to, FaithUnited Community Credit Union a third-party who is not a party to this suit

10. The debt that is the subject of this Complaint is a "consumer debt" as defined by FDCPA 15 U.S.C. §1692a(4) inasmuch as the debt was incurred by plaintiff to purchase personal property and not property used in any business conducted by Plaintiff and a "consumer transaction" as defined ORC § 1345.01(A)

11. Defendant was the agent, servant, representative and/or employee of Faith United Credit Union and was acting within the course and scope of such agency or employment. The exact terms and conditions of the agency, representation, or

employment relationships are unknown to Plaintiff, but when the information is ascertained, leave of court will be sought to insert the allegations.

Factual Allegations

**COUNT I-FDCPA-15 U.S.C. § 1692g et seq**

12. Plaintiff incorporates the above paragraphs by reference.

13. Defendants' actions taken in connection with the collection of the alleged debt, detailed above, were all taken within the last year and violated the FDCPA.

14. On July 10, 2020. Defendant mailed plaintiff a demand for payment of a balance of $10,122.90 Plaintiff allegedly owed to Faith Community Credit.

15. On July 21, 2020. Plaintiff in response to defendant's letter of July 21, and pursuant to The Fair Debt Collection Practices Act 15 USC 1692g notified defendant that the claim was disputed and requested validation of that claim.

16. Plaintiff's notice of dispute and request for validation was sent by certified mail to defendant. On July 28, 2020. Plaintiff's certified mail was delivered to defendant at. it's business address.

17. After receipt of plaintiff's notice of dispute, but before the expiration of 30 days after receipt of the notice of dispute, defendant continued with collection actions contrary to the requirements of 15 USC 1692g.

18. Among other things, defendant continued to report derogatory information regarding plaintiff to national credit reporting agencies such as Equifax.

19. As a result of this derogatory information plaintiffs, credit score was reduced by 95 points and as such constituted a significant impairment of plaintiff's credit. This action was taken during a time when defendant was prohibited from attempting to collect an unverified debt from plaintiff.

20. In addition to submitting derogatory information to credit reporting agencies. Defendant continued to o collect this debt by making telephone calls to plaintiff.

21. These acts violated 15 U.S C. Section 1692g(a)(4). As a result of these violations, plaintiff was injured and suffered actual damages as the result of Defendants' actions, including financial loss and emotional distress in the form of nervousness, loss of sleep, worry, feelings of helplessness, and hopelessness, and anxiety, *inter alia*. Plaintiff prays for his costs and reasonable attorney fees under 15 U.S.C. 1692k(a)(3); and such other or further relief as the Court deems proper

## COUNT TWO
### (CONSUMER SALES PRACTICES ACT – OHIO REVISED CODE CHAPTER 1345.01 ET SEG)

22. Plaintiff realleges and incorporates by reference each of the preceding Paragraphs.

23. This count arises under CSPA in the ORC §§ 1345.01 et seg.

24. CSPA prohibits deceptive, unfair, or unconscionable acts or practices in consumer transactions.

Electronically Filed 09/04/2020 19:10 / / CV 20 936899 / Confirmation Nbr. 2066642 / CLAJB

25. Plaintiff may bring a private cause of action under CSPA under Ohio Revised Code § 1345.09(D).

26. Plaintiff is a consumer as defined by ORC Chapter 1345.11

27. Defendant is a debt collector as that term is defined in ORC Chapter § 1345.

28. Defendant's conduct to collect this debt was abusive, harassing, deceptive, and unconscionable sales practice, which violated O.R.C. § 1345 et seq. Defendant violated CSPA. Defendant's violations include, but are not limited to:

   a. Engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff;
   b. Giving Plaintiff the impression that Defendant would take action it could not legally take;
   c. Engaging in conduct which had the purpose and effect of disgracing Plaintiff; and
   d. Failing to include consumer warnings in communications with Plaintiff.

29. Because of the above violations of CSPA, the Defendant is liable to Plaintiff for Fifty Thousand Dollars ($ 50,000.00) or such other amount as shall be proved.

30. Defendants' unfair business practices in violation of the Ohio Consumer Sales Practices Act entitles Plaintiffs to damages, treble damages, and reasonable attorney fees and costs under the statute.

35. **WHEREFORE,** Plaintiff, respectfully requests that judgment be entered against the defendant:

   I. **For the damage alleged in the First Count:**

   A. A declaratory judgment that Defendant violated the FDCPA;
   B. Actual Damages in the amount $ 50,000.00 or a greater amount proved at trial;
   C. Statutory damages under 15 U.S.C §1692K;
   D. Costs and reasonable Attorney's fees; and

E. For such other and further relief as the Court may deem just and proper.

II. **For the damage alleged in the Second Count:**

   A. Actual damages for Fifty Thousand Dollars ($50,000) or such other amount proved at trial;
   B. Three times actual damage;
   C. One Hundred Fifty Thousand Dollars ($150,000) or Two Hundred Dollars ($200) for each unlawful act proved at trial, which every is greater under RC 1345.09(B);
   D. A declaratory judgment that Defendants' practices complained of are unfair, deceptive, and unconscionable sales practices;
   E. An injunction against continuation of these practices by Defendant under RC Sec. 1345.09(D);
   F. Costs and reasonable attorney's fees under RC 1345.09(F)(2);
   G. Punitive damages for Five Hundred Thousand Dollars ($500,000); and
   H. Such other relief as may be just and proper under the applicable statutes.

Respectfully submitted,

/s/ Darryl E. Pittman
_____
Darryl E. Pittman (0034194)
Pittman Law Group
2490 Lee Blvd, Suite 115
Cleveland Ohio 44118
(216) 291-1005 (216) 382-8512
Bdjefe@gmail.com